## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHARMAINE ELVEN,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 20-2074-JAR-GEB** |
| **THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JOHNSON, MATTHEW FLETCHER, and BETH JOHNSON,** | |
| **Defendants.** | |

### MEMORANDUM AND ORDER

Plaintiff Charmaine Elven filed this action alleging claims against her former employer, the Board of County Commissioners for the County of Johnson ("the County"), and County employees Matthew Fletcher and Beth Johnson, arising out of the termination of her employment.  Plaintiff alleged federal claims under 42 U.S.C. § 1983 against all Defendants, and a state law claim for retaliation in violation of public policy against the County.  The Court previously granted Defendants' motion to dismiss Plaintiff's federal claims.  Before the Court are Plaintiff's Motion to Dismiss Pursuant to Rule 41(a)(2) (Doc. 29) her remaining state law claim for retaliation in violation of public policy, and the County's Cross-Motion to Dismiss with Prejudice (Doc. 32).  The motions are fully briefed and the Court is prepared to rule. For the reasons described more fully below, the Court grants Plaintiff's motion to dismiss the remaining claim without prejudice and denies Defendant's motion to dismiss with prejudice.

### I.       Background

Plaintiff's Complaint raises a state law claim for retaliation in violation of public policy against the County in Count I, asserting supplemental jurisdiction under 28 U.S.C. § 1367.  She

also raised five federal claims under 42 U.S.C. § 1983 that the Court recently dismissed in a July 22, 2020 Memorandum and Order.[1]   Plaintiff now moves to dismiss Count I under Fed. R. Civ. P. 41(a)(2) based on a "potential jurisdictional issue regarding notice pursuant to the Kansas Tort Claims Act ["KTCA"]."[2]   On August 14, 2020, Plaintiff filed a petition in the District Court of Johnson County, Kansas, asserting the same retaliation claim alleged in Count I in this case.[3] The state court petition alleges that this federal action constitutes notice under the KTCA.

The County responds and also moves for dismissal.  It contends that the state law claim should be dismissed with prejudice because Plaintiff's lack of timely written notice under the KTCA bars any court from exercising jurisdiction over the claim.  Alternatively, the County argues that the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) since the federal claims have been dismissed.

## II.   Standards

Because both parties seek dismissal on the basis of subject matter jurisdiction, the Court is mindful of the standard that applies to this type of dismissal, irrespective of whether the motion invokes Rule 41(a)(2).  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is

---

[1] Doc. 27.

[2] Doc. 30 at 3.

[3] The Court takes judicial notice of the Petition in the Johnson County case, attached to the County's response.  Doc. 32-2; *see* Fed. R. Evid. 201.

lacking."[4]  The "burden of establishing" a federal court's subject-matter jurisdiction "rests upon the party asserting jurisdiction."[5]  Mere conclusory allegations of jurisdiction are not enough.[6]

Tenth Circuit law is clear that when a district court dismisses upon finding a lack of jurisdiction, the dismissal must be without prejudice.[7]  Moreover, a dismissal under Rule 41(a)(2) allows the Court to dismiss an action without prejudice "upon such terms and conditions as the court deems proper."  "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."[8]  Absent a showing of prejudice, the Court should normally grant a plaintiff's request for dismissal without prejudice.[9]

## III.    Discussion

The County argues that Plaintiff has not complied with the notice requirements of K.S.A. § 12-105b(d), which require a person having a claim under the KTCA to file written notice with the clerk of the governing body of the municipality before filing suit.  Compliance with this provision "is required before a court has subject matter jurisdiction over a tort claim against a municipality."[10]  The County further argues that Plaintiff's state court case suffers from the same jurisdictional flaw.  In the alternative, the County argues that Plaintiff's state court claim is

---

[4] *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (citing *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013)).

[5] *Id.* (citation omitted).

[6] *United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[7] *See, e.g., Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice.").

[8] *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)).

[9] *Id.* (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

[10] *Youngblood v. Qualls*, 308 F. Supp. 3d 1184, 1206 (D. Kan. 2018) (quoting *Whaley v. Sharp*, 343 P.3d 63, 67 (2014)).

untimely to the extent that she relies on the pleadings in this case as notice of her claim. Essentially, the County argues that this Court should dismiss Plaintiff's claim with prejudice because not only does this Court lack jurisdiction, but *any* court lacks subject matter jurisdiction over the action.  Of course, this Court should not rule on a jurisdictional question squarely before the state court in a separate case.  The limited question before this Court is whether this Court has jurisdiction over the remaining state law claim in this case.

The Court need not resolve the issue of KTCA notice.  Because the Court granted Defendants' motion to dismiss Plaintiff's federal claims, it must decide whether to exercise supplemental jurisdiction over the remaining state-law claim.  Whether to exercise supplemental jurisdiction is committed to the Court's sound discretion.[11]  28 U.S.C. § 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'"[12]  Upon a pretrial disposition of the federal claims, district courts will generally dismiss the state law claims without prejudice.[13]  "When 'the parties have already expended a great deal of time and energy on the state law claims,' it is appropriate for the 'district court to retain supplement[al] state claims after dismissing all federal questions.'"[14]  "If, however, the parties have not shown they have spent a great deal of time on the state law claims, the 'district court should normally dismiss supplemental state law claims

---

[11] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997); *see also Anglemyer v. Hamilton Cty. Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995).

[12] *City of Chicago*, 522 U.S. at 173 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see also Gold v. Local 7 United Food & Commercial Workers Union*, 159 F.3d 1307, 1310 (10th Cir. 1998), *overruled on other grounds by Styskal v. Weld Cty. Commr's*, 365 F.3d 855 (10th Cir. 2004).

[13] *Ball v. Renneri*, 54 F.3d 664, 669 (10th Cir. 1995).

[14] *Villalpando ex rel. Villalpando v. Denver Health & Hosp. Auth.*, 65 F. App'x 683, 688 (10th Cir. 2003) (quoting *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002)).

after all federal claims are dismissed.'"[15]  "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."[16]  The Tenth Circuit has "repeatedly recognized that this is the preferred practice."[17]

The supplemental jurisdiction analysis is straightforward here.  The parties have not spent a great deal of time on the state law claims and Plaintiff has already refiled in state court. Notions of comity and federalism dictate that the state court should decide the issues of sufficiency and timeliness of Plaintiff's notice of claim under K.S.A. § 12-105b(d) in that separate action.  Therefore, the Court declines to exercise supplemental jurisdiction over the remaining state law claim.  Because dismissal is granted on jurisdictional grounds, it is without prejudice.

Dismissal without prejudice under Rule 41(a)(2) is also warranted because the County has not demonstrated prejudice.  The fact that another action has been filed in state court is not sufficient to demonstrate prejudice.[18]  The County will have a full and fair opportunity to contest the sufficiency and timeliness of Plaintiff's notice of claim in that matter.  Therefore, dismissal without prejudice is proper under Rule 41(a)(2).

In sum, dismissal without prejudice is appropriate because the dismissal is on jurisdictional grounds, and because it is warranted under Rule 41(a)(2).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Dismiss Pursuant to Rule 41(a)(2) (Doc. 29) is **granted**, and the County's Cross-Motion to Dismiss with Prejudice (Doc. 32) is **denied**.

---

[15] *Id.*

[16] *Thatcher Enters. v. Cache Cty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

[17] *Gaston v. Ploeger*, 297 F. App'x 738, 746 (10th Cir. 2008).

[18] *See Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (citing *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)).

**IT IS SO ORDERED.**

Dated: September 28, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE